UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     vs.<br><br>DONNA YUK LAN LEONG (01), MAX JOHN SWORD (02), ROY KEIJI AMEMIYA JR. (03),<br><br>             Defendant. | CR. NO. 21-00142 LEK |

**ORDER DENYING DEFENDANT MAX JOHN SWORD'S AMENDED MOTION FOR PARTIAL DISMISSAL OF 18 U.S.C. SECTION 666(a)(1)(A) FOR FAILURE TO STATE AN OFFENSE, [FILED 4/19/23 (DKT. NO. 236)]**

Defendant Max John Sword ("Sword") seeks dismissal of the First Superseding Indictment filed against him because he is charged with a single count of conspiracy to violate 18 U.S.C. § 666(a)(1)(A) and he asserts that, because the allegations are insufficient to state an offense of § 666(a)(1)(A) since he and the other defendants did not personally use or benefit from any governmental funds, the First Superseding Indictment fails to state an offense against him.  See Sword's Amended Motion for Partial Dismissal of 18 U.S.C. Section 666(a)(1)(A) for Failure to State an Offense, filed 4/19/23 (dkt. no. 236) ("Motion"). Sword contends "there are absolutely no allegations in the Superseding Indictment that [any of the defendants] conspired to obtain funds for their use or benefit . . . ."  [Memorandum in

Support of Motion ("Mem. in Supp.") at 1.]  The Government opposes the Motion on the basis that the personal use or benefit by a defendant "is not a requirement of § 666."  [Govt.'s Response in Opposition to Defendant Max John Sword's Amended Motion for Partial Dismissal for Failure to State an Offense [ECF 236], filed 5/9/23 (dkt. no. 257) ("Mem. in Opp."), at 6.]

Sword filed his reply on May 16, 2023 and argues that the Government has "relied exclusively on the intentional misapplication theory as opposed to **any** of the other four prongs provided for in Section 666 . . . ."  [Sword's Reply Memorandum in Support of Defendant Max John Sword's Amended Motion for Partial Dismissal of 18 U.S.C. Section 666(a)(1)(A) for Failure to State an Offense, filed 5/16/23 (dkt. no. 267) ("Reply"), at 3 (emphasis in original) (footnote omitted).]

For the reasons set forth below, the Motion is DENIED.

## FACTUAL BACKGROUND

The events underlying the criminal prosecution in this matter arise from the employment separation of former Honolulu Police Department ("HPD") Chief of Police Louis Kealoha ("Kealoha") from HPD.  Specifically, the Government alleges: that Kealoha (who, when the agreement was reached, had been the target of a federal criminal investigation and, as a result, had been placed on administrative leave as the chief of police) agreed to retire from HPD in exchange for a payment in the

2

amount of $250,000; and that the Honolulu Police Commission ("Police Commission") approved this payment in return for Kealoha's retirement, and for his waiver and release of any legal claims stemming from employment with or retirement from HPD.  See Indictment **First Superseding** ("Superseding Indictment"), filed 3/17/22 (dkt. no. 79), at ¶¶ 16-18.  Kealoha was subsequently indicted and convicted in United States v. Louis M. Kealoha, Cr. No. 17-00582(02) JMS-WRP, and United States v. Louis M. Kealoha, Cr. No. 18-00068(02) JMS-WRP.  At the time that the agreement was reached with Kealoha, Defendant Donna Yuk Lan Leong ("Leong") was the Corporation Counsel for the City and County of Honolulu ("City"), Sword was the Chairperson of the Police Commission, and Roy Keiji Amemiya ("Amemiya") was the City's Managing Director.  [Superseding Indictment at ¶¶ 1-3.]

The Government alleges, among other things, that the defendants conspired: to induce HPD to use its budget to fund the $250,000 payment to Kealoha; [id. at ¶ 27;] to attempt to have HPD make misleading representations to the Honolulu City Council ("City Council") to obtain funding to replace the money paid from HPD's budget for the $250,000 payment to Kealoha; [id. at ¶ 28;] and to attempt to persuade HPD not to disclose to the City Council that the $250,000 payment in the third quarter was

3

the reason for HPD's request for additional funding in the fourth quarter, [id. at ¶ 29].

On December 16, 2021, the Government filed the initial Indictment against the defendants. [Dkt. no. 1.] These defendants were charged with one count of conspiracy, in violation of 18 U.S.C. §§ 371, 666(a)(1)(A),[1] and 1343; specifically, it was alleged that they conspired

---

[1] Section 666(a)(1)(A) provides, in pertinent part:

> **(a)** Whoever, if the circumstance described in subsection (b) of this section exists--
>
> > **(1)** being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--
> >
> > > **(A)** embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that--
> > >
> > > > **(i)** is valued at $5,000 or more, and
> > > >
> > > > **(ii)** is owned by, or is under the care, custody, or control of such organization, government, or agency;
> >
> > . . . .
>
> . . . .
>
> shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 666(a)(1).

>[t]o embezzle, steal, obtain by fraud and
>otherwise without authority . . . , in violation
>of Title 18, United States Code, Section
>666(a)(1)(A); and, . . . [t]o devise and intend
>to devise, with the intent to defraud, . . . in
>violation of Title 18, United States Code,
>Section 1343.

[Indictment at pg. 9.]  Subsequently, on March 17, 2022, the Superseding Indictment was filed in which all the defendants were again charged with conspiracy, in violation of 18 U.S.C. §§ 371, 666(a)(1)(A), and 1343 (Count 1), and Leong was additionally charged with five counts of making false statements, in violation of 18 U.S.C. § 1001(a)(2) (Counts 2-6). See Superseding Indictment at pgs. 8-19.  The Government alleges the manner and means of this conspiracy involve:

- attempting to materially omit and conceal the details of the payment to Kealoha from the City Council and the public;
- inducing HPD to fund the payment to Kealoha from salary funds allocated to the HPD budget in order to avoid obtaining approval from the City Council for the payment;
- making or attempting to have HPD make materially false and misleading representations or omissions to the City Council to obtain funds use for the payment to Kealoha;

5

- persuading or attempting to persuade HPD not to disclose to the City Council that the reason it was seeking additional funding for a salary shortfall was because HPD funds were used to make the payment to Kealoha;
- providing materially false and misleading statements to federal agents during the federal investigation of the payment to Kealoha;
- sending communications and transmissions by interstate wire to commit their scheme to defraud the City Council and the public; and
- inducing HPD to use more than $250,000 in public funds for the payment to Kealoha.

See id. at ¶¶ 26-32.

## STANDARD

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Where the indictment is based upon statute, the statutory language may be used in the indictment as a general description of the offense, "but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, . . . with which he is charged." Russell v. United States, 369 U.S. 749, 765 (1962) (quotation marks and citations omitted). Whether or not an indictment is sufficient depends on

6

> "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086, 103 S. Ct. 1778, 76 L. Ed. 2d 349 (1983). For purposes of review, "[t]he allegations of the indictment are presumed to be true." Id. An indictment should be: "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." Id. at 899.

United States v. Blinder, 10 F.3d 1468, 1471 (9th Cir. 1993) (alteration in Blinder).

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In considering a motion to dismiss an indictment, "the district court is bound by the four corners of the indictment" and "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002) (citations omitted). No evidentiary hearing is required. Id.

## DISCUSSION

Sword argues that the First Superseding Indictment is deficient and fails to state an offense against him because it fails to state a conspiracy in which the defendants violated the law. [Mem. in Supp. at 4.] Sword is charged with conspiracy to

7

defraud in violation of 18 U.S.C. § 371.  See Superseding Indictment at pgs. 8-17.

> The federal conspiracy statute, 18 U.S.C. § 371, makes it a crime:
>
>> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy . . . .
>
> The phrase "to defraud . . . in any manner or for any purpose" covers "any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government." Tanner v. United States, 483 U.S. 107, 128, 107 S. Ct. 2739, 97 L. Ed. 2d 90 (1987) (internal quotation marks omitted).

United States v. Rodman, 776 F.3d 638, 642 (9th Cir. 2015) (alterations in Rodman).  In describing the particular offense against the United States that the defendants conspired to commit, the Government charged that Sword, Leong and Amemiya conspired

> [t]o embezzle, steal, obtain by fraud and otherwise **without authority** knowingly convert over $5,000 or more from a program receiving federal funding, in violation of Title 18, United States Code, Section 666(a)(1)(A); and, . . . [t]o devise and intend to devise, with the intent to defraud, a material scheme and artifice to defraud and to obtain money and property from persons by materially false and fraudulent pretenses, representations, promises, and omissions of material facts, in violation of Title 18, United States Code, Section 1343.

8

[Indictment at pg. 9 (emphasis added).]  Section 666(a)(1)(A) requires the use of funds "without authority" - that is, "in an 'unauthorized or unjustifiable or wrongful' way."  United States v. Shulick, 18 F.4th 91, 105 (3d Cir. 2021) (quoting United States v. Baroni, 909 F.3d 550, 582 (3d Cir. 2018), *abrogated on other grounds by* Kelly v. United States, --- U.S. ----, 140 S. Ct. 1565, 206 L. Ed. 2d 882 (2020)).  The Government alleges, among other things, that the conspiracy involved the defendants materially omitting and concealing details of the payment to Kealoha from the City Council; [Superseding Indictment at ¶ 26;] and inducing HPD to pay the funds to Kealoha from HPD's allocated salary budget "to circumvent City Council approval[.]" [id. at ¶ 27].  These allegations provide the essential facts of what the Government is claiming that Sword did to conspire to act without authority and to knowingly convert more than $5,000 of City funds for Kealoha's benefit.

      The Superseding Indictment filed in this matter meets Rule 7(c)(1)'s requirement that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  See Fed. R. Crim. P. 7(c)(1).  A cognizable offense is alleged against Sword.

## CONCLUSION

For the foregoing reasons, Sword's Amended Motion for Partial Dismissal of 18 U.S.C. Section 666(a)(1)(A) for Failure to State an Offense, filed April 19, 2023, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 26, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. DONNA YUK LAN LEONG, ET AL.; CR 21-00142 LEK; ORDER DENYING DEFENDANT MAX JOHN SWORD'S AMENDED MOTION FOR PARTIAL DISMISSAL OF 18 U.S.C. SECTION 666(a)(1)(A) FOR FAILURE TO STATE AN OFFENSE, [FILED 4/19/23 (DKT. NO. 236)]**